UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: K & D Hospitality, LLC. | Bankruptcy No. 17-24167-CMB |
| | Chapter 11 |
| K & D Hospitality, LLC., <br>     Movant, | Docket # 111 <br> Related to Docket# N/A |
| v. | |
| Westmoreland County Tax Claim Bureau and First National Bank of Pennsylvania, | |
|     Respondents | |

MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS

AND NOW the Debtor K&D Hospitality, by and through attorney Justin P. Schantz, Esq., files the within Motion to sell property free and clear of liens. In support of this Motion, the Debtor alleges the following:

1. This is a core matter under the Bankruptcy Court, to which this Court may enter a final judgment.

2. However, if it is later determined this Court cannot enter a final judgment absent consent by all parties, the Debtor consents to this Court entering a final judgment.

3. This Motion relates to the Debtor's attempts to seek a sale of the Debtor's assets pursuant to 11 USC §362.

4. The Debtor in this case is a Debtor-in-possession, with the authority to exercise the powers of a bankruptcy trustee.

5. The Debtor remains in active operation.

6. No creditor's committee has been appointed to this case.

7. The Debtor operates a hotel using the Super 8 brand name in Greensburg, PA.

8. The Debtor is the sole owner of the real estate used for the hotel, located at 111 Sheraton Drive, Greensburg, Pennsylvania, 15601, Tax Map No. 50-16-00-0-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.

9. A full description of the property may be found in the Office of the Recorder of Deeds of Westmoreland County, Pennsylvania, at Instrument No. 200207030043364.

10. The property is subject to existing property tax liens and also subject to a mortgage held by First National Bank of Pennsylvania.

11. At the time of filing, the Debtors listed the value of the real estate at the filing date as $1.2 million based on recent comparable sales, and listed the value of the related personalty at $70,000.

12. The Debtor has had active negotiations with Vadtal, LLC for the purchase of the Debtor's real estate, fixtures to said real estate, and all Debtor-owned personalty therein listed on Debtor's Schedule A/B (hereinafter the "Assets").

13. Thanks to those good-faith, arms-length negotiations, the Debtor has entered into an agreement for the sale of Debtor's assets with Vadtal, LLC, 8005 Pressley Court, Pittsburgh, PA 15237.  A copy of the signed sales agreement is attached as Exhibit "A" and incorporated herein as if fully set forth.

14. Vadtal, LLC has no prior relationship with the Debtor nor with its owners.

15. The proposed sale encompasses substantially all of the Debtor's assets as listed in Schedule A/B of their bankruptcy petition, with the exception of accounts receivable in existence at the time of the bankruptcy filing.

16. Due to the nature of the personalty included as part of the proposed sale, it would be impractical to itemize the specific property provided, such that L.B.R. 9013-3(c)(3)(B) does not apply.

17. The current offer proposes sale of these assets at an asking price of $1.35 million.

18. The property being sold is subject to two liens

   a. The first lien is held by the Westmoreland County Tax Claim Bureau, 40 N. Pennsylvania Avenue, Suite 109, Greensburg, Pennsylvania 15601 in the amount of $90,013.57, based on a statutory property tax lien.

   b. The second lien held by First National Bank of Pennsylvania, 100 Federal Street, 4th Floor, Pittsburgh, Pennsylvania, 15212, at the account number with the last four digits 9460, and a payoff amount as of this Motion date of $1,115,830.12 and per diem of $258.59, based on a mortgage signed by the Debtor.

19. The Debtor believes the proceeds of sale would be greater than the amount needed to satisfy these liens, such that the Debtor has authority to seek a sale of the assets free and clear of liens pursuant to 11 USC §363(f)(3).

20. First National Bank of Pennsylvania explicitly does not consent to any sale that would not produce sufficient funds to satisfy its lien, and the Debtor concedes it would not have authority to sell the property free and clear of liens if the ultimate sales price is insufficient for that purpose.

21. Moreover, the Bankruptcy Code requires that any sale of the Debtor's assets outside the ordinary course of business be subject to higher and better offers.

22. To that end, the Debtor seeks approval of a sale of Debtor's assets, as well as of the bidding procedures for such sale to allow for an orderly sales process and to provide reasonable assurances that any potential bidder is qualified to complete a sale.

23. Due to the nature of this case, the Debtor believes and avers any buyer must show an ability to qualify for the purchase of the property before submitting a bid.

24. The Debtor proposes the following requirements for any party to be entitled to bid at or before the time of the sale hearing:

   a. Any third-party purchaser (i.e. a purchaser other than Vadtal, LLC) who wishes to submit a bid for the Assets shall submit, in writing, a bid substantially in form of the Model Sale and Purchase Agreement attached as Exhibit "B", with blanks filled in and initialed for the proposed buyer's name and address, the date of the agreement, the total purchase price, and the proposed location for closing.

   b. All bids shall be on the same terms and conditions as set forth in the model agreement in Exhibit "B", with the exception of the filled-in blanks as described in sub-paragraph "A".

   c. No bid shall add additional terms, conditions, or contingencies not already provided for in Exhibit "B". The Debtor EXPRESSLY DISCLAIMS any warranty of merchantability or fitness for any particular purpose, and makes no express or implied warranty as to the condition of any property or asset. Beyond the contingencies and conditions already provided in any submitted bid, any sale of property is as-is, where-is.

   d. Any bid submitted by a third-party purchaser shall be at least $50,000 greater than the original bid provided by Vadtal, LLC.

  e. The third-party purchaser shall provide a $10,000 good-faith deposit, to be held in escrow and later disposed of as described in Exhibit "B".

  f. The third-party purchaser shall be entitled to any due diligence materials previously provided by the Debtors to Vadtal, LLC, but shall not be automatically entitled to any other due diligence documents.

  g. To the extent the third-party buyer wishes to continue using the Super 8 brand, the third party-purchaser shall either be preapproved to use the Super 8 name and brand, or shall apply for approval by Super 8 on or before the time of the sale hearing.

  h. Any and all bids shall become irrevocable no later than 5 business days prior to the hearing on the Motion to Sell.

25. Any third-party purchaser that satisfies all of the terms and conditions provided in Paragraph 21 of this Motion (a "qualified purchaser") , as well as Vadtal LLC, shall be entitled to submit higher and better offers at the time of the sale hearing.

26. First National Bank of Pennsylvania and the Westmoreland County Tax Claim bureau shall be entitled to credit bid up to the amount of their lien on the Debtor's assets.

27. No other party shall be entitled to bid at the time of the sale hearing.

28. The initial bid at the sale hearing shall be the bid by Vadtal LLC, in the amount listed in the sales agreement at Exhibit "A".

29. If no other qualifying bids are received on or before the time of the hearing, then the sale shall be confirmed to Vadtal, LLC, on the terms and conditions previously agreed to.

30. If any qualified purchasers exist at the time of the sale hearing, those qualified purchasers shall be entitled to submit their own bids for the Debtor's Assets.

31. If more than one qualified purchaser submits a bid in the same dollar amount, the earliest bid received shall have priority to purchase the property, subject to higher and better offers.

32. All parties entitled to bid at the sale hearing shall have the right and ability to orally submit offers to the Court at the time of the sale hearing, provided such an offer is a higher and better offer than those previously provided to the court.

33. However, all bidders, with the sole exception of Vadtal, LLC, shall be required to attend, either in person, through a proxy, or through counsel, for their bid to be considered at the time of hearing.

34. At the conclusion of the bidding process, the Debtor shall request this Court enter an order confirming the highest and best offer submitted, and authorizing the Debtor and the bidder submitting the highest and best offer (the "highest bidder") to close on, and subsequently consummate, the sale of the Debtor's assets.

35. All deposits from proposed buyers shall be held by the realtor appointed in this case or by an approved escrow agent until the time of successful closing and consummation, at which time they will be disposed of as provided in Exhibits "A" and "B".

36. Closing shall occur within 60 days of the sale hearing, with a report of sale to be filed with the Court within 15 days of closing.

37. If the highest bidder fails to consummate and successfully close the sale, the Debtor shall alert the court accordingly, and shall be entitled to an immediate order confirming the second highest bid as the new highest bid and to close with that party.

38. The agreement with Vadtal, LLC also includes a clause where, if Vadtal is not the successful bidder at the time of the hearing, it is allowed to seek reimbursement for actual

costs and expenses it incurred through this sale process, up to a maximum amount of $250,000.

39. Previously, the Debtor has been assured that the amount to be reimbursed under such circumstances is substantially less than $50,000, such that the current bidding procedures would take into account those extra expenses for purposes of determining a higher and better offer.

40. After a successful closing, the proceeds of the sale will be distributed as follows in the order provided:

    a. First, to secured claims held by the Westmoreland County Tax Claim Bureau and First National Bank of Pennsylvania to satisfy those claims in full;

    b. To the costs of sale and administrative costs, including but not limited to advertising, printing, mailing, and notice fees; the realtor's commission and any fees related to the same, as well as legal fees and costs of Counsel for the Debtor, to the extent those fees are approved by the Court;

    c. To other costs of closing, including if necessary actual costs expended by Vadtal LLC if it is not the highest bidder;

    d. All remaining funds (including funds dedicated towards administrative fees, professional fees and costs not yet approved by the Court) to be held by the Debtor-in-possession in a separate, non-interest bearing account pending further order of Court concerning distribution of the same.

41. The Debtor believes and therefore avers this sale, if completed, will be in the best interests of the Debtor, of all creditors, and of all other parties to the present action.

WHEREFORE, the debtor respectfully requests this Court grant the debtor's motion and thereafter approve the Debtor's sale of the assets previously described after notice, a hearing, and an opportunity to obtain higher and better offers.

Respectfully Submitted,

/s/Justin Schantz, Esquire

Justin Schantz, Esquire
PA.I.D.No. 210198
Law Care®
David A. Colecchia and Associates
324 South Maple Ave.
Greensburg, PA 15601
(724)-837-2320
(724)-837-0602
jschantz@my-lawyers.us